United States District Court
Northern District of California

1
2
3
4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    GEORGE PIERRE,                              Case No.  13-cv-03803-WHO

                    Plaintiff,
8
           v.
9                                               **ORDER DENYING MOTION TO
                                                REMAND**
10   JENNY NIKLAUS, et al.,
                                                Re: Dkt. No. 9
                    Defendants.
11

12                                 **BACKGROUND**

13          *Pro se* plaintiff George Pierre has moved to remand his action for unlawful eviction to

14   state court after it was removed to this Court by defendants four employees of the United States

15   Department of Veterans Affairs.  *See* Dkt. No. 1.  Pursuant to Local Rule 7-1(b), the Court finds

16   this matter suitable for determination without oral argument and VACATES the hearing currently

17   noticed for December 22, 2013.[1]  The Court DENIES the motion to remand.

18          The Court recently denied a motion to remand a similar action filed by Mr. Pierre against a

19   different set of Department of Veterans Affairs defendants.  *See Pierre v. Nicoll*, 13-CV-02427

20   WHO, 2013 WL 5402088 (N.D. Cal. Sept. 25, 2013).  The Court's order denying Mr. Pierre's

21   motion to remand in *Pierre v. Nicolli* is equally applicable to this motion.  As the Court explained,

22              Congress has specifically authorized that actions against federal
                officials for acts taken under color of federal office may be removed
23              to federal court. 28 U.S.C. §§ 1441(a), 1441(c), 1442(a)(1). Here,
                the United States Attorney has certified pursuant to 28 U.S.C. §
24              2679(d) that the VA Defendants were acting in the scope of their
                employment as employees of the SFVAMC with respect to the
25              allegations in the complaint. Dkt. No. 33. This certification is
                conclusive for purposes of removal. *Gutierrez de Martinez v.*
26

27   _____
     [1] Mr. Pierre's motion to remand noticed a hearing for December 22, 2013, a Sunday.  The Court
28   does not conduct business on Sundays.  However, since the hearing is vacated, there is no need to
     re-notice the hearing for an appropriate hearing date.

*Lamagno*, 515 U.S. 417, 432–434 (1995). As the VA is an agency of the United States, this Court has subject matter jurisdiction of this action, and removal of this case was proper.

*Id.* at *1.

As in *Pierre v. Nicoll*, the United States Attorney has certified pursuant to 28 U.S.C. § 2679(d) that the Department of Veterans Affairs defendants in this matter were acting in the scope of their employment as employees of the Department of Veterans Affairs with respect to the allegations in the complaint. *See* Notice of Removal ¶ 4 [Dkt. No. 1]. Removal was therefore proper and the motion to remand is DENIED.

## CONCLUSION

Mr. Pierre's motion to remand is DENIED

**IT IS SO ORDERED**.

Dated: December 17, 2013

_____
WILLIAM H. ORRICK
United States District Judge